EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
YASIN MOHAMMAD (Cal. Bar No. 242798)
Assistant United States Attorney
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6968
    Facsimile: (213) 894-7177
    E-mail: Yasin.Mohammad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>FOUR DRUMS OF TRENBOLONE ANABOLIC STEROIDS,<br><br>    Defendant. | No. CV 16-00661<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>19 U.S.C. § 1595a(c)<br><br>[C.B.P.] |

    The United States of America brings this claim against the defendant Four Drums of Trenbolone Anabolic Steroids (the "defendant steroids"), and alleges as follows:

## I.    JURISDICTION AND VENUE

    1.    This is a civil forfeiture action brought pursuant to 19 U.S.C. § 1595a(c).

2.   This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3.   Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## II.   PERSONS AND ENTITIES

4.   The plaintiff in this action is the United States of America.

5.   The defendant is Four Drums of Trenbolone Anabolic Steroids ("defendant steroids"), a nonnarcotic Schedule III controlled substance, seized on November 17, 2013, by the United States Customs and Border Protection ("CBP") at Air China's warehouse located at 5621 West Imperial Highway, Los Angeles, California, after having been unlawfully imported into the United States for transshipment. Manufacturer Xiangyang Goto Chemical Company ("Xiangyang"), located in Hubei, China, had shipped the defendant steroids from Hubei, China, via the Los Angeles International Airport ("LAX"), to consignee, Pisa Agropecuaria, SA De CV ("Pisa Agropecuaria"), located at Av. Espana 1840 "Colonia" Moderna CP, Guadalajara, Mexico.

6.   The defendant steroids are currently in the custody of CBP in this District where they shall remain subject to the jurisdiction of this Court during the pendency of this action.

7.   The interests of Xiangyang and Pisa Agropecuaria may be adversely affected by these proceedings.

## III.  EVIDENCE SUPPORTING FORFEITURE

8.   On October 9, 2013, CBP Officer William Engels ("Officer Engels") examined four drums labeled "3-0XO-ESTRA-4, 9, 11-TRIEN-17b-(ACETYLOXY)" (the defendant steroids) at Air China's warehouse in Los Angeles, California. According to the Air Waybill number 999-2209-

3584, the shipment was being shipped from China through the United States to a consignee in Mexico. The Air Waybill identifies Xiangyang located in Hubei, China as the "shipper" and Pisa Agropecuaria located in Guadalajara, Mexico as the "consignee."

9. The chemical formula on the drum labels of the defendant steroids shows that defendant is an anabolic steroid known as "trenbolone acetate," which is a nonnarcotic Schedule III controlled substance; the CBP laboratory has confirmed this by testing a sample of the defendant steroids.

10. On October 10, 2013, upon inquiry from CBP, the Drug Enforcement Administration ("DEA") advised that the DEA had not been notified in advance of the transshipment of the defendant steroids through the United States as required by 21 U.S.C. § 954(2). The DEA further advised that the defendant steroids had been imported into the United States without an import permit, notification, or declaration, as prescribed by the Attorney General by regulation, in violation of 21 U.S.C. § 952(b)(2).[1]

11. On November 17, 2013, CBP seized the defendant steroids for unlawful importation.

12. CBP determined that the domestic value of the defendant steroids was $606,750.00.

---

[1] The importation of a nonnarcotic Schedule III controlled substances is regulated by Title 21 United States Code, Section 952(b)(2), which provides that it is unlawful to import into [or transship through] the United States a nonnarcotic Schedule III controlled substance without an import permit, notification, or declaration, as prescribed by the Attorney General by regulation. Title 21 United States Code, Section 954(2) provides that a Schedule III controlled substance may be transshipped through the United States "if and only if advanced notice is given to the Attorney General in accordance with the regulations of the Attorney General." (emphasis added).

13. On April 10, 2014, the CBP Regulations and Rulings issued a decision denying the petition filed by Xiangyang for the release of the defendant steroids for return (exportation) to China.

## IV. CONCLUSION

14. Based on the foregoing, plaintiff alleges that the importation and attempted transshipment of the defendant steroids into the United States represents a violation of 21 U.S.C. §§ 952(b)(2) and 954(2), and thus subjects the defendant steroids to forfeiture under 19 U.S.C. § 1595a(c) as merchandise introduced or attempted to be introduced into the United States contrary to law.

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant steroids;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant steroids to the United States of America for disposition according to law; and

///

///

///

(d)  for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: January 29, 2016             EILEEN M. DECKER
                                    United States Attorney
                                    LAWRENCE S. MIDDLETON
                                    Assistant United States Attorney
                                    Chief, Criminal Division
                                    STEVEN R. WELK
                                    Assistant United States Attorney
                                    Chief, Asset Forfeiture Section

                                         /s/ Yasin Mohammad
                                    YASIN MOHAMMAD
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    United States of America

## VERIFICATION

I, Robert Thierry, declare and say that:

1. I am the Fines, Penalties and Forfeitures Officer of the United States Customs and Border Protection (Los Angeles, California).

2. I have read the attached Verified Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 22 day of January 2016 at Los Angeles, California.

Robert Thierry
Fines, Penalties and Forfeitures Officer
United States Customs and Border Protection,
Los Angeles, California